UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAWRENCE SOWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01767-LJM-DKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### AMENDED ORDER

Petitioner Lawrence Sowers ("Petitioner") and the United States of America (the "Government") have moved for relief from the judgment in Petitioner's criminal matter, 1:07-cr-00069-LJM-KPF-1, pursuant to 28 U.S.C. § 2255, *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Price v. United States*, 795 F.3d 731, No. 15-2427, (7th Cir. Aug. 4, 2015), and the United States Court of Appeals for the Seventh Circuit's authorization for Petitioner to file a second or successive motion pursuant to 28 U.S.C. § 2255(h), *see United States v. Sowers*, 1:07-cr-00069-LJM-KPF-1, CM/ECF Dkt. No. 58.

Petitioner was convicted following a guilty plea for one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). At the time of sentencing, Petitioner was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), to a term of 180 months to be followed by a five year term of supervised release; a Judgment and Conviction was entered to that effect on April 10, 2008. The three predicate felonies giving rise to Petitioner's status under the ACCA were: (1) an escape in Marion County, Indiana, on January 10, 1985; (2) Dealing in a Sawed Off Shotgun on July 19, 1987; and (3) a Criminal Confinement on December 11, 1994.

On June 26, 2015, the United States Supreme Court held the residual clause of the ACCA unconstitutional. *Johnson*, 135 S. Ct. at 2584. Subsequently, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court had categorically made retroactive. *Price*, 795 F.3d 731. On September 4, 2015, the Seventh Circuit notified the Court that it had given Petitioner permission to proceed with a second and/or successive motion under 28 U.S.C. § 2255. CM/ECF Docket No. 58.

Pursuant to *Johnson* and *Price*, all of Petitioner's three predicate convictions depended upon the residual clause for classification as a violent felonies. Petitioner and the Government further stipulate that no other conviction qualifies as a predicate conviction under 18 U.S.C. § 924(e). Dkt. No. 1, ¶ 4. Moreover, based on the underlying facts of the case and this analysis, the parties agree that the sentence imposed in this case is unconstitutional in that it exceeded the otherwise applicable statutory maximum penalty under 18 U.S.C. § 922(g)(1) of ten years of incarceration and three years of supervised release. *Id.* ¶ 5. Therefore, the parties have stipulated that a sentence of 120 months of incarceration and a three-year term of supervised release is sufficient, but not greater than necessary. *Id.* ¶ 7.

The Court agrees that Petitioner's previous sentence was unconstitutional and that a reduction is necessary pursuant to *Johnson* and *Price*. The Court concludes that the parties' stipulation is fair and just under the law and hereby **GRANTS** Petitioner's Motion pursuant to 28 U.S.C. § 2255. Petitioner shall be sentenced to 120 months of incarceration to be followed by a three-year term of supervised release. A Judgment and

Commitment in the associated criminal matter shall be forthcoming. Judgment consistent with this Order shall issue in this matter.

**This Order shall also be entered on the docket in the underlying criminal action,** *United States v. Sowers*, **Cause No. 1:07-cr-00069-LJM-KPF-1.**

IT IS SO ORDERED this 10th day of November, 2015.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

J. Robert Wood
UNITED STATES ATTORNEY'S OFFICE
10 W. Market Street, Suite 2100
Indianapolis, IN  46204
bob.wood@usdoj.gov